IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOEL COUVERTIER,

        Plaintiff,

v.                           Civil Action No. 1:16-CV-1024 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

OFFICE OF PETER M. MARGOLIUS    PETER M. MARGOLIUS, ESQ.
7 Howard St.
Catskill, NY 12414

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN       CATHERINE L. ZURGRUGG, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3) are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on April 19, 2017, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

*David E. Peebles*
U.S. Magistrate Judge

Dated: April 28, 2017
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOEL COUVERTIER,


vs.                                         16-CV-1024

COMMISSIONER OF SOCIAL SECURITY.
------------------------------------------------------x
```

Transcript of *DECISION ON THE RECORD* held on April 19, 2017, at the James Hanley U.S. Courthouse, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.


A P P E A R A N C E S

```
For Plaintiff:        OFFICE OF PETER M. MARGOLIUS
(Via Telephone)       7 Howard Street
                      Catskill, New York 12414
                        BY:  PETER M. MARGOLIUS, ESQ.
                             JANICE CAMMARATO

For Defendant:        SOCIAL SECURITY ADMINISTRATION
(Via Telephone)       Office of Regional General Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York 10278
                        BY:  CATHARINE L. ZURBRUGG, ESQ.
```

1    (In chambers, via telephone:)
2    THE COURT: I have before me a request for judicial
3 review of an adverse determination by the commissioner, or
4 acting commissioner of Social Security, pursuant to 42,
5 United States Code, Section 405(g) and 1383(c)(3).
6    The background is as follows. The plaintiff was
7 born in October of 1981. He is currently 35 years old. He
8 was 30 years old at the alleged onset date of his disability
9 and 32 years old at the time of the hearing in this matter.
10    The plaintiff is divorced; has three children who
11 do not live with him. They are ages 6, 9 and 12 -- or were
12 at the time of the hearing in this matter. He sees the
13 youngest and the oldest on occasion.
14    He has a ninth grade education. The record is
15 somewhat equivocal as to whether or not he attended special
16 education classes. Page 434, he indicated to a consultative
17 examiner, he did. The administrative law judge found that he
18 did not. However, he cited two of the disability reports. I
19 reviewed them carefully and I can't find anywhere that it
20 indicates that he did not. But it's not relevant. He did
21 not achieve a GED but he testified that he can read and
22 write.
23    He lives with his ex-inlaws. He last worked in
24 2013. His past work includes an assembly line position and
25 packing. And he worked in facilities that manufactured

1  filters and, later, bottles.
2  　　　　The plaintiff was incarcerated on a weapons charge.
3  Again, the testimony is equivocal.  He told Dr. Berger he was
4  incarcerated for two years at Page 420.  He testified he was
5  incarcerated 2008 to 2011.  That's at Page 42.  However,
6  there are records from the Department of Corrections and
7  Community Supervision that suggest that he was, actually,
8  incarcerated from 2002 to 2011.
9  　　　　The plaintiff was involved in a motor vehicle
10 accident in 2001.  He suffered back pain but it subsided but
11 recurred approximately two years later and has been chronic
12 ever since.
13 　　　　He has treated with Dr. Anna-Maria Assevero, who is
14 his primary doctor.  She has variously diagnosed him as
15 suffering from lumbago, an annular tear and lumbar
16 radiculopathy.  He has received pain management, including
17 injections Dr. Ronny Kafiluddi.  He has, also, seen an
18 orthopedic specialist, Dr. Ernso Eromo.
19 　　　　To address his condition, he has been prescribed
20 tramadol, Flexeril, Naproxen, Percocet and Oxycodone and, in
21 addition, uses a TENS unit.
22 　　　　He has had two MRIs of his lumbar back:  One in
23 June of 2012 that revealed mild degenerative disk disease at
24 L4-L5, L5-S1 with some bulges and on February 6th, 2014,
25 which demonstrated increasing degeneration, including at

1  L5-S1 with herniation and stable degeneration at L4-L5.
2  Mentally, the plaintiff was diagnosed by
3  Dr. Hartman, a consultative examiner, as being in the
4  borderline range of intelligence. That's at 436. He
5  underwent brief mental health treatment at the Columbia
6  County Mental Health Center in 2013 where he saw Dr. Shelley
7  Sellinger. He was diagnosed as suffering from dysthymic
8  disorder and a global assessment of functioning, or GAF,
9  score of 65 was registered. He never returned, however, and
10 was discharged.
11 His daily activities include cleaning, laundry,
12 music -- listening to music, shopping. He can dress and
13 groom himself. He cooks, watches television, plays video
14 games and reads.
15 Plaintiff procedurally applied for benefits,
16 Supplemental Security Income benefits on August 29, 2012,
17 alleging an onset date of July 15, 2012.
18 A hearing was conducted by Administrative Law Judge
19 Carl E. Stephan on December 12th, 2013. ALJ Stephan rendered
20 a decision on September 12, 2014, which was unfavorable to
21 the plaintiff. The decision became a final determination of
22 the agency on June 15, 2016, when the Social Security
23 Administration Appeals Council denied plaintiff's request for
24 review.
25 In his decision, ALJ Stephan applied the familiar

1. 5-step sequential test for determining disability.
2. He concluded at Step 1, plaintiff had not engaged
3. in substantial gainful activity since August 29, 2012, the
4. date of his SSI application.  Although, he did note
5. plaintiff's testimony that he worked for three to four months
6. in 2013 as a factory worker.
7. At Step 2, the ALJ concluded that plaintiff suffers
8. from three severe impairments:  Back disorder, mood
9. disorders, and learning disorder.
10. At Step 3, he concluded that none of those, either
11. collectively or singly, met or equaled any of the listed
12. presumptive disabling conditions set forth in the
13. Commissioner's regulations.
14. After surveying the medical evidence, the
15. administrative law judge concluded that plaintiff retains the
16. residual functional capacity, or RFC, to perform light work,
17. except that he can lift and carry 20 pounds occasionally and
18. 10 pounds frequently; sit for 8 hours; stand for 8 hours; and
19. walk for 4 hours out of an 8-hour workday; can occasionally
20. bend, stoop, climb stairs and ramps, twist and turn; can
21. perform simple work; can make simple work-related decisions;
22. can frequently interact with others; and he can tolerate
23. changes in the work setting.
24. The ALJ concluded, based on that RFC determination,
25. that plaintiff has no past relevant work and, so, skipped

Step 4 and, essentially, went to Step 5 where the Medical-Vocational Guidelines, or the grids, were applied and a finding of not disabled was dictated under Rule 202.17, the ALJ noting that the additional limitations of the RFC had little or no effect on the unskilled work and, therefore, the job base on which the grids were predicated.

As you know, my task is limited. My scope of review is deferential. I must determine whether correct, legal principles were applied and the determination is supported by substantial evidence.

The two pivotal points in this case are whether the administrative law judge properly considered, in his RFC finding, the consultative exams of Dr. Joseph Prezio from January 8, 2014, and Dr. Brett Hartman on July 14, 2014, and whether he properly explained the reasons for rejecting any additional limitations set forth in those consultative reports.

The problem I have is this. Dr. Prezio opined that, in addition to significant lifting restrictions, there were restrictions in the ability of the plaintiff to operate foot controls on the right foot. He was limited to occasional -- meaning up to one-third -- and there was an indication as to why the paralumbar muscle spasms on the right side.

Posturally, he was limited occasionally to climbing

1  stairs and ramps, climbing ladders or scaffolds, balance,
2  stoop, kneel, crouch, crawl and, also, occasionally to
3  unprotected heights.  And the ALJ specifically noted those
4  limitations at the bottom of Page 19 of his decision when he
5  indicated the weight that he was according Dr. Prezio's
6  determination, he gave little weight to the lifting component
7  on Page 20.
8           However, he says, the rest of his opinion is given
9  significant weight, as his findings are consistent with the
10 overall medical evidence of record and supports the residual
11 functional capacity described above.  And the RFC, of course,
12 does not include any of those limitations concerning foot
13 controls, the postural, and the unprotected heights.
14          So, I do not find that the determination is
15 supported by substantial evidence in connection with the
16 physical component of the RFC.
17          And, unlike the case which I cited earlier and was
18 cited by the commissioner, that is *Mongeur versus Heckler*
19 reported at 722 F.2d 1033, I'm not able to glean from his
20 decision, other than in a post hoc way, why those additional
21 limitations were rejected.
22          And I agree with plaintiff's counsel, also, that
23 the same holds true with Dr. Hartman, who opined that
24 plaintiff has moderate difficulty relating adequately with
25 others and moderate difficulty dealing appropriately with the

1 normal stressors of life. That's at Page 437. Once again,
2 in speaking to Dr. Hartman's consultative exam, the
3 administrative law judge, he indicated that the opinion was
4 given significant weight and doesn't indicate why he did not
5 include, in his RFC determination, a more -- a limitation in
6 dealing with others that is more in line with what
7 Dr. Hartman opined, which was moderate, which is more than he
8 can frequently, as the RFC concludes.
9     So, I do not find that the commissioner
10 determination is supported by substantial evidence. I think
11 these matters need to be clarified. I do not find persuasive
12 evidence of disability.
13     So, I will grant judgment on the pleadings to the
14 plaintiff. Vacate the determination without a directed
15 finding of disability and remand the matter to the
16 commissioner for further consideration.
17     Thank you both for excellent presentations. I hope
18 you have a good afternoon.
19     MS. CAMMARATO: Thank you, your Honor.
20     MS. ZURBRUGG: Thank you, your Honor.
21     MR. MARGOLIUS: Thank you, your Honor.
22     (Proceedings adjourned, 2:32 p.m.)

1
2
3      C E R T I F I C A T I O N
4
5
6           I, DIANE S. MARTENS, Registered Professional
7  Reporter, DO HEREBY CERTIFY that I attended the foregoing
8  proceedings, took stenographic notes of the same, that
9  the foregoing is a true and correct copy of same and the
10 whole thereof.
11
12
13
14
15
16
17                              _____
18                              DIANE S. MARTENS, FCRR
19
20
21
22
23
24
25